**GLUCK LAW FIRM P.C.**
Jeffrey S. Gluck (SBN 304555)
602 N. Sweetzer Avenue
Los Angeles, California 90048
Telephone: 310.776.7413

**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
S. Ryan Patterson (SBN 279474)
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NOAH DAAR, an individual; | Case No. |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS** |
| v. | |
| OAKLEY, INC, a California corporation; and DOES 1-10 inclusive. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Noah Daar (sometimes referred to as the "Artist") hereby complains against Defendants Oakley, Inc. ("Oakley"); and Does 1-10 inclusive, as follows.

## SUMMARY OF THE CASE

1.      The Plaintiff is a highly acclaimed artist, well known in the contemporary graffiti art world.

2.      In 2015, the Artist painted an outdoor Mural in San Francisco (the "Mural," shown below) as part of a curated global art project called Meeting of Styles. Consistent with a dominant theme of graffiti art, the Mural consists largely of the highly stylized signature of the Artist.

3.      In April of 2017, Oakley inexplicably featured the Mural as the centerpiece of a marketing campaign (the "Campaign"), without the Artist's knowledge or consent. The Campaign included reproductions of the Mural inside Oakley's retail stores (alongside an unauthorized reproduction of another mural painted by fellow graffiti artist Donald Robbins), covering store shelving and product displays as the sole creative element dressing and presenting the store and product.

1
2
3
4
5
6
7
8
9
10



11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



26      4.      If this literal misappropriation was not bad enough, Oakley also

27   superimposed its own Oakley brand logo next to the Mural throughout the

28

COMPLAINT FOR DAMAGES AND
                                                          INJUNCTIVE RELIEF

Campaign, as if the Oakley brand created the Mural itself, or, alternatively, as if the Oakley brand was endorsed by the Artist.

5.      Defendant's exploitation of the Artist's work is outrageous and damaging in that the Artist has carefully avoided any association with corporate culture and mass-market consumerism. Indeed, the Artist has been diligent in controlling distribution channels of his work. Despite offers, Daar has never made his original art available as part of a corporate advertising campaign, partly for artistic reasons but also because doing so would diminish the value of his work. In particular, nothing is more antithetical to the Artist's coveted and valuable "street cred" than association with mass-market appropriation of outsider imagery—of which Oakley's campaign is the epitome. People who recognized Plaintiff's work in the campaign would have concluded that the Artist "sold out" diminishing the value of his work and reputation.

6.      Shockingly, when Plaintiff complained to Oakley about the unauthorized use of his Mural, counsel for Luxottica, on behalf of Oakley, responded to Plaintiff's concerns by acknowledging that Oakley had used his work, but then offensively suggested that the artwork does not have any "modicum of creativity" and is just "generic" markings not "eligible" for any protection, virtually degrading an entire global community of graffiti artists. [See Exh. A, letter from Luxottica, incorporated by this reference.]

7.      Plaintiff brings this straightforward copyright infringement claim for misappropriation of his original graphic expression. Because Oakley altered and rearranged Plaintiff's signature in his Mural, Plaintiff also brings claims for alteration and removal of copyright management information under the Digital Millennium Copyright Act.

## JURISDICTION AND VENUE

8.      Plaintiff brings this action for copyright infringement (17 U.S.C.

Section 101 et seq.); violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202); and unfair competition under California law.

9.     This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a)("supplemental jurisdiction") in that they are so related to the federal law intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

10.    Defendant is subject to the personal jurisdiction of the Court because they do or transact business in, have agents in, or are otherwise found in and have purposely availed themselves of the privilege of doing business in California and in this District.

11.    Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because a substantial part of the events or omissions giving rise to the claims occurred in this District in that, inter alia, the infringing advertising was used here.

### THE PARTIES

12.    Plaintiff Noah Daar is, and at all times relevant herein has been a resident of Oakland, California, and is a well-known graffiti artist, producing works under the pseudonym "DJ RAKUS."

13.    Defendant Oakley is a California corporation authorized to do business, and doing business, in Los Angeles County. It maintains a global headquarters in Lake Forest, California. Oakley is a subsidiary of the Italian company Luxottica,

one of the world's largest companies, with a market capitalization of $25 billion.

14.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

15.    Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to the Plaintiff for the conduct complained of herein.

**GENERAL ALLEGATIONS**

**A.    Plaintiff**

16.    Plaintiff is a well-known contemporary graffiti artists.

17.    Plaintiff Daar, known by his artist pseudonym DJ RAKUS, is a highly sought-after artist. Mr. Daar rarely chooses to lend his artwork to consumer products of any kind.

**B.    The Murals**

18.    In 2015, Plaintiff was invited by a global art program called Meeting of Styles to create an outdoor Mural in San Francisco. Participating artists work without compensation, in furtherance of the project's mission. On or around September 2015, the Plaintiff accepted the invitation and created the Mural in San Francisco.

**C.    Oakley's Advertising Campaign Featuring the Mural**

19.    In April 2017, in an effort to increase sales revenues, attract new young

customers, and target a young urban demographic, Oakley developed and launched the international multi-media Campaign featuring the Artist's Mural as the centerpiece element (the "Campaign"). The Mural was reproduced and incorporated into the Campaign without Plaintiff's authorization – or even his knowledge.

20.     In this regard, Oakley, undertook to unlawfully copy, and did unlawfully copy, Plaintiff's artwork, including, in some instances, his name and stylized signature, for the purpose of incorporating the Mural into the Campaign. On information and belief, Oakley chose to include Plaintiff's artwork signature in its advertising, because of its aesthetic value and to give the false impression that the Artist is affiliated with and endorses Oakley. Indeed, Oakley has used graffiti art in its advertising materials many times, reflecting the effectiveness of the genre in attracting consumers.

21.     The Campaign focused heavily on the Mural, using his name and stylized signature as the centerpiece. The Mural covered the interior of Oakley retail stores; appearing on shelving, display cases, advertising materials, signage, on Oakley's social media and even in product catalogues and lookbooks. The Mural is the dominant—if not sole creative element dressing and presenting the product throughout the entire Campaign.

22.     The purpose of the Campaign was to (1) promote the launch of Oakley's new Crossrange eyewear collection and (2) benefit the reputation and recognition of the Oakley brand as a whole. The Campaign was intended to (and on information and belief, did) engage customers, increase foot-traffic into Oakley stores, and increase sales revenues. The Campaign courted a new demographic for Oakley: consumers seeking an association with urban cool.

23.     That the Mural was the centerpiece of the Campaign is obvious—in that the Mural was the dominant creative element dressing stores and the product.

24. On information and belief (based on the content of the Campaign), the Campaign was designed to draw in and engage the consumers to whom Oakley hoped to sell products.

25. On information and belief (based on the nature of the advertising) the Campaign was seen by many consumers worldwide. The Campaign was broadcast across a network of official Oakley social media channels, appeared inside Oakley retail stores, on advertising materials and store signage, and in product catalogues.

26. Oakley reproduced these unauthorized copies of Plaintiff's artwork without Plaintiff's consent.

27. Oakley's use of Plaintiff's artwork is for the purpose of its own advertising and brand enhancement.

28. As a result of Defendants' misconduct as alleged herein, Plaintiff's reputation and career has been irreparably tarnished, diminishing the value of his work and resulting in decreased revenue from the sale of artworks.

29. Oakley benefitted from the misappropriation and infringement in a number of ways, including but not limited to the following: (i) they enjoyed the increased foot-traffic and sales increases generated by the advertisements, and (ii) the association with Plaintiff increased the value, image, and positioning of the Oakley brand.

30. Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as alleged in this Complaint. Plaintiff is at present unable to ascertain the full extent of the monetary damages he has suffered by reason of said acts. In order to determine the full extent of such damages, including such profits of Defendants as may be recoverable, Plaintiff will require an accounting from each Defendant of all monies generated from their wrongful conduct.

31. Plaintiff is informed and believes, and thereon allege, that Defendants'

alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiff, and depriving Plaintiff of Plaintiff's legal rights; was, and is, despicable conduct that subjects Plaintiff to a cruel and unjust hardship; and was, and continues to be, undertaken with oppression, fraud and malice. Accordingly, Plaintiff is entitled to an award of punitive or exemplary damages.

32.     Defendants' actions have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, unless preliminarily and permanently enjoined and restrained by the Court.

## First Claim For Relief For Copyright Infringement
## (By All Plaintiffs, Against All Defendants)

33.     Plaintiff incorporates herein by this reference paragraphs 1 through 32 as if set forth in full in this cause of action.

34.     Plaintiff's graphic expression, as shown in the image above, is an original work of authorship and constitutes copyrightable subject matter under the laws of the United States. The image was fixed in a tangible medium of expression, as described above. An application for a federal registration of the artwork has been filed with the Register of Copyrights, dated June 4, 2018; and the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form.

35.     At all times since the creation of the graphic expression, Plaintiff has complied with all aspects of the Copyright Acts of 1909 and 1976 and all other laws governing copyright, and secured the exclusive rights and privileges in and to the graphic expression. Plaintiff is the sole owner of all rights, title, and interest in and to the copyright in the graphic expression.

36.     Subsequent to Plaintiff's creation of the graphic expression and (on

information and belief) with full knowledge of the rights of Plaintiff, Defendants infringed Plaintiff's copyright by copying, as described above, the artwork and exhibiting such copied images as advertising materials.

37.   All of Defendants' acts were performed without the permission, license or consent of Plaintiff.

38.   By reason of Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's business in the form of diversion of trade, loss of profits, and a diminishment in the value of Plaintiff's work, rights, and reputation, in part as described above, all in amounts that are not yet ascertainable but not less than the jurisdictional minimum of this court.

39.   By reason of its infringement of Plaintiff's copyright as alleged herein, Defendants are liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for any profits of Defendants directly or indirectly attributable to such infringement.

## Second Claim For Relief For Falsification of Copyright Management Information in Violation of 17 U.S.C. § 1202
### (By all Plaintiffs, Against all Defendants)

40.   Plaintiff incorporate herein by this reference paragraphs 1 through 39 as if set forth in full in this cause of action.

41.   The Mural consisted of the stylized pseudonym and signature of the Artist. During development of the Campaign, Oakley rearranged and removed portions of Plaintiff's signature from the reproductions of the Mural. By altering the signature in the reproduction, Oakley intentionally altered/removed copyright management information with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Such conduct is a violation of 17 U.S.C. § 1202.

42.     Defendants' removal of copyright management information was made without the knowledge or consent of Plaintiff.

43.     Defendants' removal of copyright management information was done intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's original work. Defendants also knew, or had reason to know, that such removal and alteration of copyright management information would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyrights in the Mural.

44.     Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as hereinabove alleged. Plaintiff is at present unable to ascertain the full extent of the monetary damages he has suffered by reason of said acts. In order to determine the full extent of such damages, including such profits of Defendants as may be recoverable under 17 U.S.C. § 1203, Plaintiff will require an accounting from each Defendant of all monies generated from their wrongful falsification, removal and alteration of copyright management information.

45.     In the alternative, Plaintiff elects to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from each Defendant for each violation of 17 U.S.C. § 1202.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1.     That Plaintiff is awarded all damages, including future damages, that Plaintiff has sustained, or will sustain, as a result of the acts complained of herein, subject to proof at trial;

2.     That Plaintiff is awarded his costs, attorneys' fees and expenses in this action;

3.     That Plaintiff is awarded pre-judgment interest;

4.      For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5.      That Defendants be ordered to immediately recall and remove any and all infringing advertisements from any and all remaining locations, physical or digital;

6.      That Defendants be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

7.      For disgorgement of all proceeds, and restitution of the moneys wrongfully received by Defendants as the result of their wrongful conduct;

8.      For punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct; and

9.      For further relief, as the Court may deem appropriate.


DATED: July 10, 2018                    GLUCK LAW FIRM P.C.



                                        By:  _____/s/_____
                                             Jeffrey S. Gluck
                                             Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on his claims on all issues triable by a jury.

DATED: July 10, 2018                    GLUCK LAW FIRM P.C.


                                        By: _____/s/_____
                                            Jeffrey S. Gluck
                                            Attorneys for Plaintiff