UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6007 PA (KSx) | Date | September 27, 2018 |
|---|---|---|---|
| Title | Noah Daar v. Oakley, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant Oakley, Inc. ("Oakley") (Docket No. 14). Oakley challenges the sufficiency of the Complaint filed by plaintiff Donald Robbins ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 1, 2018, is vacated, and the matter taken off calendar.

**I.      Factual and Procedural Background**

Plaintiff's Complaint alleges that he is a "highly acclaimed artist, well known in the contemporary graffiti art world." Plaintiff alleges that he painted a mural in San Francisco in 2015. The mural "consisted of the stylized pseudonym and signature" of Plaintiff. (Compl. ¶ 41.) Plaintiff alleges that Oakley featured his mural as part of a marketing campaign in 2017 without his consent, including reproducing portions of the mural in Oakley's retail stores, advertising materials, and product catalogues. (Id. at ¶ 3.) According to the Complaint:

> Oakley rearranged and removed portions of Plaintiff's signature from the reproductions of the Mural. By altering the signature in the reproduction, Oakley intentionally altered/removed copyright management information with the intent to induce, enable facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

(Id. at ¶ 41; see also ¶ 43 ("Defendants' removal of copyright management information was done intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's original work. Defendants also knew, or had reason to know, that such removal and alteration of copyright management information would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyrights in the Mural.").)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6007 PA (KSx) | Date | September 27, 2018 |
|---|---|---|---|
| Title | Noah Daar v. Oakley, Inc. | | |

    The Complaint alleges a claim for copyright infringement and a claim for falsification, removal, and alteration of "copyright management information" pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202. In the pending Motion to Dismiss, Oakley asserts that, despite Ninth Circuit precedent to the contrary, Plaintiff lacks standing to pursue his copyright infringement claim because at the time he filed this action, Plaintiff had applied for, but not obtained, copyright registration of his artwork. Oakley also contends that the Complaint fails to allege sufficient facts to state a plausible claim under the DMCA.

**II.**     **Legal Standard**

    Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

    However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6007 PA (KSx) | Date | September 27, 2018 |
|---|---|---|---|
| Title | Noah Daar v. Oakley, Inc. | | |

Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted).  In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

**III.    Analysis**

   **A.    Copyright Infringement**

Oakley argues that Plaintiff's claim for copyright infringement should be dismissed because Plaintiff did not have a copyright registration for the allegedly infringed work at the time he filed the Complaint.  As Oakley acknowledges, however, the Ninth Circuit has held that receipt by the Copyright Office of a complete application satisfies the registration requirement.  See Cosmetic Ideas, Inc. v. IAC/Interactivecorp, 606 F.3d 612, 621-22 (9th Cir. 2010).  Although the Supreme Court has granted certiorari to resolve a circuit split on the issue, this Court is currently bound by Cosmetic Ideas.  The Court therefore denies the Motion to Dismiss the copyright infringement claim.

   **B.    DMCA**

The DMCA defines "copyright management information" to mean "any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form . . . (2) The name of, and other identifying information about, the author of a work . . . (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright . . . [and] (7) Identifying numbers or symbols referring to such information or links to such information."  17 U.S.C. § 1202(c).

At least two other Courts in the Central District of California have rejected arguments made at the pleading stage to dismiss claims involving stylized graffiti signatures of pseudonyms as falling outside the DMCA's definition of "copyright management information."  See Tiermy v. Moschino S.p.A., 2:15-CV-5900 SVW (PJWx), 2016 WL 4942033, at *4-5 (C.D. Cal. Jan. 13, 2016); Williams v. Roberto Cavalli S.p.A., CV 14-6659 AB (JEMx), 2015 WL 1247065, at *2 (C.D. Cal. Feb. 12, 2015) ("Plaintiffs properly allege that the signatures were conveyed in

Case 2:18-cv-06007-PA-KS   Document 19   Filed 09/27/18   Page 4 of 5   Page ID #:115

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6007 PA (KSx) | Date | September 27, 2018 |
|---|---|---|---|
| Title | Noah Daar v. Oakley, Inc. | | |

connection with the display of their mural. The signatures appeared in the mural itself. . . . If the signatures were part of the mural, they necessarily were conveyed in connection with the mural. Since Plaintiffs allege that the signatures fall into § 1202(c)(2) and were conveyed in connection with the mural, Plaintiffs adequately claim that the signatures constitute CMI."). This Court has similarly concluded that such allegations involving stylized signatures appearing in graffiti murals fall are adequate at the pleading stage to plausibly fall within the DMCA's definition of "copyright management information." See Travis Baird v. ROK Drinks, LLC, Case No. CV 17-4703 PA (AFMx) (C.D. Cal. Jan. 9, 2018).

Relying on the Ninth Circuit's recent decision in Stevens v. Corelogic, Inc., 899 F.3d 666 (9th Cir. 2018), Oakley contends that Plaintiff has failed to allege sufficient facts to state a plausible DMCA claim under 17 U.S.C. § 1202(b). Section 1202(b) of the DMCA provides:

> No person shall, without the authority of the copyright owner or the law —
> (1)    intentionally remove or alter any copyright management information, [or]
> . . .
> (3)    distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,
> knowing, or with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b). While it is true that Stevens held that both §§ 1202(b)(1) and 1202(b)(3) "require the defendant to possess the mental state of knowing, or having a reasonable basis to know, that his actions 'will induce, enable, facilitate, or conceal' infringement," 899 F.3d at 673, Stevens was decided on summary judgment, not at the pleading stage. According to the Ninth Circuit, it was the plaintiffs' failure to "offer[] any evidence to satisfy [the] mental state requirement" that was fatal to the DMCA claim alleged in that action. Id. A plaintiff's burden at the pleading stage is not so exacting. At least at this stage of the proceedings, the Court concludes that Plaintiff's § 1202(b) claim alleges sufficient well-pleaded facts to satisfy the Twombly pleading standard.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6007 PA (KSx) | Date | September 27, 2018 |
|---|---|---|---|
| Title | Noah Daar v. Oakley, Inc. | | |

## Conclusion

For all of the foregoing reasons, the Court denies the Motion to Dismiss. Oakley shall file its Answer to the Complaint by no later than October 15, 2018. The Clerk shall issue an Order Setting Scheduling Conference.

IT IS SO ORDERED.