**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
S. Ryan Patterson (SBN 279474)
  ryan@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Noah Daar

Michael K. Friedland (SBN 157217)
Michael.Friedland@knobbe.com
Lauren Keller Katzenellenbogen
(SBN 223370)
Lauren.Keller@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 949-760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant,
Oakley, Inc.

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NOAH DAAR, an individual;<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>OAKLEY, INC, a California corporation; and DOES 1-10 inclusive.<br><br>　　　　Defendants. | Case No. 2:18 CV 6007 PA (KSx)<br><br>**JOINT RULE 26(f) REPORT** |

In advance of the Scheduling Conference set for November 19, 2018 and in accord with the Court's order re scheduling conference [Dkt. 20] ("Scheduling Order"), the parties in this action, by and through their respective counsel of record, jointly submit this report and proposed discovery plan following participation in the initial conference of parties in this action and the related action, *Donald Robbins v. Oakley, Inc.*, Case No. CV 18-5116 PA (KSx) (the "Related Case"). Jeff Gluck and Antoinette Waller participated in the early meeting on behalf of Plaintiffs Noah Daar ("Daar") and Donald Robbins ("Robbins") (Robbins and Daar referred to collectively as the "Artists" or "Plaintiffs"); Lauren Keller Katzenellenbogen participated on behalf of Defendant Oakley, Inc. ("Oakley" or "Defendant"). Unless otherwise indicated, all time frames referenced herein refer to calendar days.

1. **Synopsis of principal issues:**

Plaintiff's Position: The Plaintiffs are highly acclaimed artists, well known in the contemporary graffiti art world. In 2015 the Artists painted outdoor Murals in San Francisco, California (the "Murals") as part of a curated global art project called "Meeting of Styles." Consistent with a dominant theme of graffiti art, the Murals consist largely of the highly stylized signatures of each of the Artists. Plaintiffs contend Oakley misappropriated and copied the Murals in or about April 2017, using the Murals as the centerpiece of a marketing campaign (the "Campaign") without the Plaintiffs' knowledge or consent. Daar pursues two claims against Defendant – for copyright infringement under Section 17 U.S.C. Section 101 et. seq., and for copyright management information ("CMI") violation under 17 U.S.C. Section 1202 ("Section 1202") et seq. Oakley filed a motion to dismiss the action which the Court denied by order dated September 27, 2018 [Dkt. 19]. Oakley filed an answer to the complaint on October 15, 2018 [Dkt. 21].

Defendant's Position: In 2017, an advertising campaign that Oakley briefly used for its Crossrange products included photographs of an athlete, Chas

Christensen, taken in an alleyway in the Mission District in San Francisco.  Plaintiff alleges that Oakley has infringed Plaintiff's copyright in his graffiti mural, portions of which appear in the background of the photographs.  Plaintiff also alleges a claim for removal of copyright management information.  To prevail on his claim for copyright management information, Plaintiff must prove that Oakley (a) intentionally removed copyright management information, (b) knowing or having reasonable grounds to know that such actions will "induce, enable, facilitate, or conceal an infringement…"  17 U.S.C. § 1202.  Here, the allegedly removed copyright management information is portions of the abstract graffiti mural that were cropped out of the photographs.  Plaintiff alleges that the abstract mural consists not of the Plaintiff's name, but a stylized depiction of the artist's pseudonym.  However, nothing cropped out of the photographs identifies the artist's name or any other copyright management information.

2. **Likelihood of pleading amendments:**

Plaintiff's Position:  Plaintiff anticipates that additional defendants may be added that conspired or participated with Oakley in the alleged infringement. Being unaware of the identity of such defendants at the time the complaint was filed, Plaintiff has named these defendants initially as Doe defendants 1-10. Based on his preliminary discovery and investigation, Plaintiff understands and believes that Defendant may have acted in concert with one or more affiliated and related persons and entities to undertake the wrongful activities complained of in this matter. Defendant has yet to provide any information as regarding the creation, plan, impetus, or execution of the infringing activities or identities of the involved participants. Plaintiff will pursue targeted discovery to confirm the identity and status of such potential defendants and will be prepared to seek leave to amend the complaint to name such persons or entities as defendants by February 18, 2019. If Plaintiff's discovery reveals additional infringing activity or related claims, Plaintiff

may also seek to amend the complaint to add additional claims. Plaintiff requests the Court set the deadline for joining parties or amending the complaint after February 18, 2019.

Defendant's Position: Defendant does not anticipate adding any additional parties. Defendant agrees with the February 18, 2019 deadline proposed by Plaintiff.

3.   **Issues which may be determined by motion:**

Plaintiff believes Defendant's infringing conduct may be determined as a matter of law. Following discovery Plaintiff is likely to move for summary judgment or partial summary judgment of his infringement and CMI violation claims.

Defendant's Position: Defendant anticipates filing one or more summary judgment motions, including a motion for partial summary judgment on Plaintiff's claim for removal of copyright management information pursuant to 17 U.S.C. § 1202 and for a determination that Plaintiff cannot seek statutory damages under 17 U.S.C. § 1203.

**Additional Issue: Case Consolidation**:

Plaintiff's Position: This case and the Related Case concern the same marketing Campaign and alleged infringing activity by Oakley and will involve similar discovery and evidentiary issues. It is in the interests of justice and judicial economy to try the cases together and Plaintiff is therefore proposing the same discovery and pre-trial dates and deadlines and the same trial date for the two actions, presuming that the cases will be tried together. Subsequent to the Rule 26 conference, Oakley advised that it opposes consolidation of the cases and proposes separate pretrial and trial dates for the two matters. If the cases are not to be tried together, then Plaintiff proposes that the Related Case be tried first, and this case be tried subsequently.

Defendant's Position: Plaintiff initially brought this case and the Related Case as a single action. On June 27, 2018 this Court issued an order dismissing Plaintiff from the Related Case for improper joinder. (Related Case, Dkt. No. 12.) As this Court recognized in its June 27 Order, the plaintiffs in the two actions do not assert any right to relief based on the same transaction, occurrence, or series of transactions or occurrences. (Related Case, Dkt. No. 12 at 2.) The plaintiffs are asserting the infringement of copyrights in their separate works, and thus, each of the claims raises different issues and must be viewed separately by the trier of fact. *Id.* Accordingly, the two actions should not now be consolidated but should be tried separately as independent actions. Defendant's proposed schedules set different deadlines for each of the actions.

4. **Other items required by the Court's order and Federal Rule of Civil Procedure Section 26(f):**

The parties will exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(f) on November 12, 2018.

### a. Discovery Plan

The Court's Scheduling Order states that the parties are to present an agreed discovery plan to the Court fourteen (14) days after the Scheduling Conference to be discussed at the conference. [Dkt. 20, at 3:11-13]. The parties present their positions regarding discovery below.

1. <u>Discovery Period.</u>
   a. Plaintiff's Position: Plaintiff proposes a discovery cutoff date of: July 15, 2019.
   b. Defendant's Position: Defendant proposes a fact discovery cutoff date of July 15, 2019. Defendant proposes an expert witness discovery cutoff date of September 15, 2019.
2. <u>Privilege Issues and Future Discovery Disputes.</u> The parties believe

that a protective order is appropriate to the extent this matter may involve the disclosure of either party's confidential business, financial or trade secret information, and will cooperate to attempt to present a stipulated protective order under Fed. R. Civ. P. 26(c) to the Court.

**3.** <u>Depositions.</u>

  **a.** The parties propose no additional limits on depositions.

**4.** <u>Written Discovery.</u>

  **a.** The parties propose no changes to the default rules on the number of interrogatories, requests for production of documents, or requests for admissions that may be served by the parties.

**5.** <u>Expert Witnesses.</u>

  **a.** Plaintiff's Position: The parties shall designate experts to be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B), not later than eight weeks prior to the discovery cutoff date. Rebuttal expert witnesses shall be designated, and reports provided as required by Fed. R. Civ. P. 26(a)(2)(B), not later than five weeks prior to the discovery cutoff date. Depositions of the parties' experts shall be conducted after the exchange of the above-referenced reports. Depositions of each party's experts shall be completed by the discovery cutoff.

  **b.** Defendant's Position: For issues on which a party has the burden of proof, that party shall serve opening expert witness reports as required by Fed. R. Civ. P. 26(a)(2)(B) by not later than July 31, 2019. The parties shall serve rebuttal reports as required by Fed. R. Civ. P. 26(a)(2)(B) by not later than August 31, 2019.

**6.** <u>Dispositive Motion Cutoff:</u>

  **a.** Plaintiff's Position: The Parties must have their dispositive motions filed on or before August 19, 2019.

      **b.** Defendant's Position: The cutoff for filing dispositive motions should be October 21, 2019.

**7.** <u>Other Changes to Limitations on Discovery:</u>

None.

**8.** <u>Subjects on Which Discovery is Needed:</u>

Plaintiff's Position:  Plaintiff seeks discovery on all subjects alleged in the complaint, including, without limitation, the Defendant's infringing activity, Defendant's participation with other parties in the infringing activity, and resulting damages including Defendant's profits from the infringing activity. Plaintiff will also pursue discovery concerning the origin and history of Defendant's infringing conduct and associated activities. Plaintiff also seeks to discover the identity and activity of related and contributory infringers participating with Defendant in the alleged wrongful conduct and having joint responsibility for the claimed damages.

Defendant's Position: Defendant seeks discovery on all subjects alleged in the complaint and all of the defenses alleged in Defendant's answer, including but not limited to the Meeting of Styles project, agreements between Plaintiff and Meeting of Styles, Plaintiff's licensing and sales of his artwork, reviews of Plaintiff's artwork, other uses of Plaintiff's artwork, other uses of murals created as part of the Meeting of Styles project, other artists that participated in the Meeting of Styles project, other murals created by Plaintiff, and permission to create such murals.

      **b. Settlement Efforts**

Plaintiff has initiated settlement discussions and has made a preliminary settlement demand on Defendant; Defendant has yet to respond to the demand. The parties are continuing their settlement discussions.

Pursuant to Local Rule 16-15.4 and the Court's Scheduling Order:

The parties recommend the following settlement procedure: ADR Procedure No. 2, the parties shall appear before a neutral selected from the Court's Mediation

Panel: Local Rule 16-15.4(2).

### c. Trial Estimate and Proposed Date for the Final Pretrial Conference and For Trial

Plaintiff's Position: Plaintiff estimates that trial in this matter will take five to seven days to be tried by a jury. Plaintiff proposes the Final Pretrial Conference occur on: September 23, 2019. Plaintiff proposes the Trial commence on: September 30, 2019.

Defendants' Position: Defendant estimates that trial in this matter will take three to five days to be tried by a jury. Defendant proposes that the Final Pretrial Conference occur on: November 11, 2019 and the Trial commence on November 19, 2019.

DATED: November 5, 2018                ERIKSON LAW GROUP

By:    /s/
Antoinette Waller
Attorneys for Plaintiffs

DATED: November 5, 2018                KNOBBE, MARTENS, OLSON & BEAR, LLP

By:    /s/
Lauren Keller Katzenellenbogen
Attorneys for Defendant

1 | Additional counsel [continued from caption]

**GLUCK LAW FIRM P.C.**
Jeffrey S. Gluck (SBN 304555)
123 N. Kings Road #6
Los Angeles, California 90048
Telephone: 310.776.7413

Attorneys for Plaintiff

29369721